974 So.2d 531 (2008)
Bennie R. SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1672.
District Court of Appeal of Florida, Fifth District.
February 8, 2008.
*532 James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, E., Senior Judge.
Bennie R. Simmons appeals from a restitution order entered pursuant to a plea. Simmons was charged by information with dealing in stolen property and ordered to pay restitution in the amount of $3400. We reverse and remand with directions that the restitution order be amended to $200.
Simmons was charged by information with dealing in two stolen ladders in violation of section 812.019(1), Florida Statutes (2006). He was appointed an attorney and entered a negotiated plea of guilty with a stipulation that restitution would be determined at a hearing. At the hearing, the victim testified that he had thirty-four ladders stolen, each valued at $100. The trial court entered a restitution order in the amount of $3400. Simmons' attorney objected, arguing that Simmons should only be ordered to pay restitution for property charged in the information.
Previously, this court has held that restitution must be causally connected to the offense and bear a significant relationship to the crime. See Glaubius v. State, 688 So.2d 913, 915 (Fla.1997); Bernard v. State, 859 So.2d 560 (Fla. 5th DCA 2003). There must be a connection between the restitution and the damage to the victim as encompassed in the information. Id. In this case, Simmons entered a negotiated plea to the charge of dealing in two stolen ladders, not thirty-four stolen ladders. The State concedes that the proper restitution was $200.
Finding the trial court erred, we REVERSE and. REMAND for entry of a corrected restitution order for $200.
TORPY and LAWSON, JJ., concur.